IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR379 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| DAVID L. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR"). The government has adopted the PSR. (Filing Nos. 53, 54.) The Defendant has not filed objections with the Court pursuant to ¶ 6 of the Order on Sentencing Schedule, although the Court is aware of the objections submitted to the probation officer and referred to in the Addendum to the PSR. *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Defendant objects to the base offense level used in ¶ 31 and to the enhancement for position of public or private trust in ¶ 34.

Based on the evidence at trial, the absence of objections to supporting the factual portion of the PSR in ¶ 22,[1] and the absence of a defense version of the offense, the Court finds that the Defendant's actions constituted "sexual abuse." *United States v. Poor Bear,* 359 F.3d 1038, 1039 (8th Cir. 2004). Moreover, the Defendant's position as the victim's

---

[1]The case agent stated that the offense happened as described in the governmenbt's version of the offense.

professor appropriately allows for the enhancement pursuant to U.S.S.G. § 3B1.3. *United States v. Booth,* 996 F.2d 1395, 1396 (2d Cir. 1993) (enhancement used in situation involving an elementary school teacher).

IT IS ORDERED:

1.  The Defendant's Objections to the Presentence Investigation Report referred to in the Addendum to the PSR are denied;

2.  The parties are notified that my tentative findings are that the Presentence Investigation Report is correct in all respects;

3.  If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.  Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5.  Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 23rd day of May, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge