IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR379** |
| Plaintiff, | ) | |
| | ) | **AMENDED** |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **DAVID L. SMITH,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Second Revised Presentence Investigation Report ("PSR"). Both parties have objected to the PSR. (Filing Nos. 61, 63.) *See* Order on Sentencing Schedule, ¶ 6. The Court has also received the Defendant's motions for sentencing variance (Filing No. 56) and downward departure (Filing No. 64). The Court advises the parties that these amended tentative findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

***Government's Objections***

The government objects to the base offense level used in ¶ 31,[1] arguing that the base offense level should not be lower than 16. The government reasons that the Defendant attempted to commit a sexual act, and therefore U.S.S.G. § 2A3.1, as opposed to U.S.S.G. § 2A3.4, applies. The Court has considered the government's argument and the authorities cited in its brief (Filing No. 62). The Court finds that in light of the authorities

---

[1] The Court notes the use of the 2000 version of the guideline manual was used in preparing the PSR.

cited, the lack of authority ion the Eighth Circuit, and the facts of this case as demonstrated at trial do not support the conclusion that § 2A3.1 applies.

Alternatively, the government argues that if § 2A3.4 is found to apply, the wrong subsection was used.  Rather, the government urges the application of § 2A3.4(a)(1) (base offense level of 20) because the Defendant used force as described in 18 U.S.C. § 2241(a)(1).  As a final alternative, if § 2A3.4 is applied, subsection § 2A3.4(a)(2) (offense level 16) should be applied because the Defendant placed the victim in fear.

Briefly, the Court is of the opinion that, given the facts as developed at trial and available case law, the correct guideline and subsection have been applied in the Second Revised PSR.  The objections are denied and noted for the record.

### *Defendant's Objections*

The Defendant objects to the enhancements for abusing a position of public or private trust in ¶ 34 and obstruction of justice in ¶ 35.  The objection to ¶ 35 (obstruction of justice) is denied in view of the Defendant's conviction of Count II of the Indictment and the facts developed at trial.  The objection to ¶ 34 (abuse of private trust) is granted. *United States v. Booth,* 996 F.2d 1395, 1396 (2d Cir. 1993) (applying the enhancement in a situation involving an elementary school teacher who committed sexual acts with his victims as high school students, some of whom were known as elementary students in the school where he taught, noting that the defendant committed one act with a seventh grade boy at his school).

IT IS ORDERED:

1.  The Court's tentative findings are that the government's objections to the Presentence Investigation Report (Filing No. 61) are denied;

2.	The Court's tentative finding is that the Defendant's objection to ¶ 35 (obstruction of justice) is denied, and the Defendant's objection to ¶ 34 (abuse of position of trust) (Filing No. 63) is granted;

3.	The parties are notified that my tentative findings are that otherwise the Presentence Investigation Report is correct in all respects;

4.	If **any** party wishes to challenge these tentative findings, the party shall raise its objection(s) orally at the sentencing hearing, as the Court is familiar with the various written arguments; and

5.	Absent oral renewal of a party's previously raised objection required by paragraph 3 of this Order, my amended tentative findings may become final.

DATED this 7th day of July, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge